IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JJ RODS LLC, | : | Case No. 2:23-cv-3052 |
| Plaintiffs, | : | Chief Judge Algenon L. Marbley |
| v. | : | Magistrate Judge Chelsey M. Vascura |
| RYAN HORCHEN, *et al.*, | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiff's Motion for Default Judgment. (ECF No. 9). The time for filing a response has passed and Defendant has not responded. For the following reasons, Plaintiff's Motion is **GRANTED**, consistent with this opinion. A **DEFAULT JUDGMENT** is entered against Defendant, and Plaintiff is awarded **$98,000.00** in damages plus interest, as explained below.

I. BACKGROUND

Plaintiff, JJ Rods LLC, is an Ohio company with one member, an Ohio resident named Gerald Jurden. (ECF No. 1 at 2). Plaintiff agreed to purchase a vehicle, a 1967 Ford Bronco, from H & H Performance Inc. and its president, Ryan Horchen ("Defendants"). (*Id.* at 2–3). After both parties completed the bill of sale for the Ford Bronco in question, Plaintiff wired Defendants the agreed-upon amount of $98,000.00. (*Id.* at 3–4; ECF No. 1, Exs. 1 and 2). Between the signing on July 20, 2023 and August 19, 2023, Defendants assured Plaintiff on multiple occasions that both the Ford Bronco and title to such would be delivered to Plaintiff in Ohio. (ECF No. 1 at 4–5). Yet, Defendants repeatedly broke that promise. (*Id.*).

After at least five incomplete deliveries, Plaintiff understandably switched its ask, requesting that either the Ford Bronco be delivered as promise or that Defendants return his

1

$98,000.00. (*Id.* at 4). Facing yet another disappointment, Plaintiff gave up asking for delivery and instead demanded a refund, to which Defendants agreed. (*Id.* at 5). But, as was the case with the inability to follow through with the car delivery, Defendants repeatedly failed to complete its payment back to Plaintiff. (*Id.*). To date, Plaintiff has received neither the Ford Bronco nor a refund. (*Id.*). And since Defendants' last representation that Plaintiff's money was incoming on August 25, 2023, Defendants have ceased all communication with Plaintiff. (*Id.*).

Plaintiff therefore brought suit on September 22, 2023, (ECF No. 1) and, after the time for Defendant to answer had lapsed, Plaintiff applied for and received an entry of default, (ECF Nos. 7, 8). Shortly thereafter, Plaintiff moved for default judgment. (*See* ECF No. 9). Plaintiff later requested a status conference regarding their motion for default judgment. (ECF No. 11). Despite proper service, Defendants have yet to respond to the complaint or either motion, and the time to do so has passed, so this matter is now ripe for judgment by this Court.

## II. LAW & ANALYSIS

### A. Default Judgment Rules

Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments. *See* FED. R. CIV. P. 55. The first step is entry of default by the clerk, which is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit, or otherwise[.]" FED. R. CIV. P. 55(a).

Importantly, the entry of default does not automatically entitle Plaintiffs to a default judgment. *Methe v. Amazon.com.dedc, LLC*, No. 1:17-cv-749, 2019 WL 3082329, at *1 (S.D. Ohio July 15, 2019). Once default is entered, a party may take a second step of moving for default judgment from either the clerk or, as is relevant here, from the Court. FED. R. CIV. P. 55(b). At the default judgment stage, the Court accepts as true the complaint's well-pled factual allegations

regarding liability, though "[t]he plaintiff must still show that, when all of the factual allegations in the complaint are taken as true, the defendant is liable for the claim(s) asserted." *Methe*, 2019 WL 3082329, at *1.; *see also F.C. Franchising Sys., Inc. v. Schweizer*, No. 1:11-cv-740, 2012 WL 1945068, at *3 (S.D. Ohio May 30, 2012) ("[I]t remains for the district Court to consider whether the unchallenged facts constitute a cause of action, since a party in default does not admit mere conclusions of law." (citing *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010)).

Allegations concerning the amount of damages, however, must generally be proven. *Arthur v. Robert James & Assocs. Asset Mgmt., Inc.*, No. 3:11-cv-460, 2012 WL 1122892, at *1 (S.D. Ohio Apr. 3, 2012) (internal quotation marks omitted); *Schilling v. Interim Healthcare of Upper Ohio Valley, Inc.*, No. 206-cv-487, 2007 WL 152130, at *2 (S.D. Ohio Jan. 16, 2007). But as an exception to this general rule, such allegations may be accepted as true, thereby bypassing the necessity of a hearing, where "the amount claimed is capable of ascertainment from definite figures contained in detailed affidavits." *Iron Workers Dist. Council of S. Ohio & Vicinity Ben. Trust v. NCR Clark, LLC*, No. 3:14-cv-00070, 2014 WL 4211045, at *1 (S.D. Ohio Aug. 26, 2014) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)); *Bds. of Trs. of Ohio Laborers Benefits v. Kyle J. Sherman Excavating, LLC*, No. 2:23-cv-2476, 2024 WL 923333, at *1 (S.D. Ohio Feb. 28, 2024) ("The Court may enter an award without a hearing when plaintiff's claim is for a sum certain or a sum that can be made certain by computation." (citing FED. R. CIV. P. 55(b)(1))).

When considering whether to enter default judgment, the Sixth Circuit instructs courts to consider the following factors:

> (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits.

*Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986); *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990); and *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193–94 (6th Cir. 1986)).

Here, Plaintiff properly applied for an entry of default after Defendants failed to answer his Complaint, and the clerk subsequently entered Defendant's default. (ECF Nos. 7, 8). So, this Court will address the *Russell* factors to determine if default judgment is appropriate.

### B. Analysis

#### 1. Sufficient and Meritorious Claims

The Complaint alleges interconnected bases for relief arising out of the apparent failure of Defendants to complete their end of a car sale bargain: (1) breach of contract; (2) unjust enrichment; (3) conversion of vehicle; and (4) fraud. Taking the factual allegations as true, this Court finds that the Complaint states sufficient and meritorious claims for at least breach of contract, unjust enrichment, and conversion. Plaintiff and Defendants contracted for Defendants to sell to Plaintiff the Ford Bronco for $98,000.00. (ECF No. 1 at 1–2; ECF No. 1, Ex. 1). Yet to date, Defendants have not delivered the vehicle. (ECF No. 1 at 4). And despite Defendants' repeated promises to refund Plaintiff its $98,000.00, Plaintiff has yet to receive the money. (*Id.* at 4–5). Accordingly, Plaintiffs' Complaint states a valid claim for breach of contract, unjust enrichment, and conversion.

#### 2. Prejudice to Plaintiff

Having found Plaintiffs to have sufficiently alleged meritorious claims, this Court must then examine the possible prejudice to Plaintiffs if default judgment is not granted. Here, it is likely that Plaintiff will be prejudiced if their default judgment is not granted. Despite paying Defendants $98,000.00, Plaintiff has yet to receive its end of the agreed-upon bargain: the Ford

4

Bronco. Nor have Defendants successfully refunded Plaintiff its money. Given Defendants lack of participation in this lawsuit over the last ten months, this Court finds that any further delay of Plaintiff's refund is unnecessary and unacceptable. Denial of Plaintiffs' request for default judgment would render Plaintiff's effort at a civil resolution futile while rewarding Defendants' avoidance of this litigation. Further, if Plaintiffs were to file another lawsuit, it appears likely that such a lawsuit would return to the default judgment stage. Courts have found the prejudice factor to be satisfied under such circumstances. *See, e.g.*, *Toler v. Glob. Coll. of Nat. Med., Inc.*, No. 13-10433, 2016 WL 67529, at *7 (E.D. Mich. Jan. 6, 2016).

3. *Amount of Money at Stake*

Next, this Court considers the amount of money at stake. Plaintiff alleges damages totaling $98,000.00, not including interest, as well as attorney's fees and costs, which it estimated as at least $8,831.70 as of the filing of its motion for default judgment. (ECF No. 9, Ex. 1 at 2). This amount was transferred to Defendants with no benefit in return to Plaintiff. Such is inappropriate under the parties' contract. And this sum is not so high as to raise concern about this Court adjudicating it without response from Defendants. *See Russell*, 34 F. App'x at 198 (finding a substantial sum of $500,000,000 to weigh against default judgment).

4. *Possible Disputed Material Facts*

Regarding the potential existence of contested material facts, Defendants have given nothing for this Court to evaluate since they have wholly abstained from involvement in this proceeding, nor have they responded to Plaintiffs' motion for default judgment. What is more, Defendants agreed, on multiple occasions, to remit payment to Plaintiff, which implies some level of knowledge of wrongdoing. (ECF No. 1 at 4–5). Having had almost a year to engage with this litigation and dispute Plaintiff's allegations, this factor weighs in favor of default judgment.

5. *Default Due to Excusable Neglect*

As careless or unintentional conduct does not give rise to excusable neglect, this defense is unavailable where a defendant has not offered any excuse for not timely responding to plaintiff's motion. *See. e.g.*, *PNC Equip. Fin., LLC v. Keller*, No. 1:12-cv-594, 2014 WL 11515877, at *4 (S.D. Ohio May 29, 2014); *Indep. Ord. of Foresters v. Ellis-Batchelor*, No. 20-10619, 2021 WL 1588994, at *3 (E.D. Mich. Feb. 23, 2021); *Yeshick v. Mineta*, 675 F.3d 622, 631 (6th Cir. 2012); *Tri-Corner Invs. LLC v. First Def. Int'l Grp., Inc.*, 361 F.App'x 629, 632 (6th Cir. 2010). Such is the case here, as the reason for Defendants' lack of participation in this litigation is unknown. Therefore, this factor weighs in favor of default judgment.

6. *Preference for Decision on the Merits*

Lastly, the Court considers the Federal Rules of Civil Procedure's strong preference for decisions made on the merits as a matter of public policy. *Russell*, 34 F. App'x at 198 (citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)). But this public policy preference must be weighed against another: that "effective judicial administration requires that at some point disputes be treated as finally and definitively resolved." 10A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2693 (3d ed.). When a party's nonparticipation has prevented the resolution of a case on the merits, the preference for a resolution on the merits becomes outweighed by the needs of the litigants actually before the Court. *See, e.g.*, *Tomilson v. E. Recovery & Mediation Grp. LLC*, No. 15-13606, 2019 WL 1380313, at *4 (E.D. Mich. Mar. 17, 2019); *Toler*, 2016 WL 67529, at *9. As all of the other factors favor default judgment, and since a decision on the merits appears to have become unrealistic and unattainable due to Defendants' lack of participation in this case, the policy preference of a judgment on the merits shall not preclude Plaintiff from its requested relief.

\* \* \*

For the reasons stated above, Plaintiff's Motion for Default Judgment (ECF No. 9) is **GRANTED**.

### C. Damages, Fees, and Costs

Having found default judgment proper, this Court must next determine the appropriate measure of damages, fees, and costs.

As discussed above, this Court need not conduct a hearing in a case such as this, where the damages are calculable and proven by way of a clear affidavit. FED. R. CIV. P. 55(b)(2); *Barnes v. Abraham, Inc.*, No. 2:17-cv-279, 2017 WL 5714091, at \*2 (S.D. Ohio Nov. 28, 2017) (citation omitted); *United States v. Di Mucci*, 879 F.2d 1488, 1497–98 (7th Cir. 1989).

Here, Plaintiff seeks $98,000.00, which is the amount Plaintiff paid to Defendants in exchange for the Ford Bronco that Plaintiff never received, as evidenced by Plaintiff's exhibits. (*See* ECF No. 1, Ex. 1 (Bill of Sale); ECF No. 1, Ex. 2 (wire transfer from Plaintiff to Defendants); ECF No. 9, Ex. 1). Upon consideration of this uncontested evidence, this Court is satisfied it can determine the appropriate damages without an evidentiary hearing. Accordingly, Plaintiff's request for an award of **$98,000.00** in damages is **GRANTED**.

As to interest on this award, post-judgment interest is proper under 28 U.S.C. § 1961, and is based on the rate of the 52-week Treasury Bill. *Gillette Co. v. Save & Disc. LLC*, 2016 WL 3745764, at \*11–12 (S.D. Ohio July 13, 2016 (citing 28 U.S.C. § 1961); *Isaac Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 619 (6th Cir. 1998). Per the most recent available information, this rate is 4.85%.[1] Compounded annually, this yields $13.02 in interest per day.[2] Accordingly,

---

[1] U.S. Dept. of Treasury, Daily Treasury Bill Rates (June 6, 2024), https://home.treasury.gov/resource-center/data-chart-center/interest-rates/TextView?type=daily_treasury_bill_rates&field_tdr_date_value=2024.
[2] 0.0485/365 x $98,000 = $13.02.

Plaintiff is entitled to post-judgment interest from the date judgment is entered at a rate of $13.02 per day, until the judgment is paid.

As to attorney's fees and cost, Plaintiffs shall file a separate motion detailing these final costs within 45 days of this judgment.  S.D. Ohio Civ. R. 54.2(a).

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Default Judgment is **GRANTED**, and a **DEFAULT JUDGMENT** is entered against Defendant, and Defendant is ordered to pay Plaintiffs **$98,000.00** in damages plus interest as calculated above.  Plaintiffs are **ORDERED** to file a Motion for Attorney's Fees and Costs within 45 days after this judgment.  This case is otherwise **CLOSED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  June 7, 2024**